(Rev. 3/24/14)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-20014-01-JAR |
| ) | |
| CHRISTOPHER A. PRYOR, ) | |
| ) | |
| Defendant(s). ) | |

## **PRETRIAL ORDER NO. 1**

### **Introduction**

The Defendant, Christopher A. Pryor, appeared for arraignment and pleaded not guilty on June 15, 2016 before the undersigned U.S. Magistrate Judge, David J. Waxse. The plaintiff, United States of America, appeared through Assistant U.S. Attorney Terra Morehead. Defendant appeared in person and with counsel, Che Ramsey.

This Pretrial Order No. 1 summarizes the parties' disclosure and discovery obligations. It also puts the case on track to be tried within the deadlines imposed by the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161 et seq., and this court's implementation of that statute through D. Kan. Rule Cr. 50.1.

### **Duty of Counsel to Meet and Confer Concerning Case Management**

The prosecutor and defense counsel must meet in the U.S. Attorneys' Office in Kansas City, Kansas on **or before July 8, 2016**. Before this meeting starts, defense counsel should have reviewed all available discovery materials produced by the government and be prepared to confer in good faith about whether this case probably can be resolved with a change of plea or

1

whether it will require a trial. Unless counsel are in a position to promptly schedule a change-of-plea hearing under Fed. R. Crim. P. 11(b), they must discuss at this conference any Speedy Trial Act problems *and* also develop a firm but realistic schedule for any remaining discovery to be completed, pretrial motions (including motions to suppress) to be filed and decided, and for the case to be tried as required by the Speedy Trial Act.

## Scheduling and Status Conference with the Court

A follow-up scheduling and status conference involving the prosecutor, the Defendant, defense counsel, the presiding U.S. District Judge, Julie A. Robinson], will be held on **July 18, 2016 at 9:00 a.m.**, in Courtroom #476 of the U.S. Courthouse in Kansas City, Kansas. Here again, unless the parties and counsel are in a position to promptly schedule a Rule 11 change-of-plea hearing, they must be prepared at this conference to discuss any Speedy Trial Act problems *and* to develop a firm but realistic schedule for any remaining discovery to be completed, pretrial motions to be filed and decided, and for the case to be tried as required by the Speedy Trial Act.

## Speedy Trial Act

Under the Speedy Trial Act, without counting various time periods deemed "excludable" (e.g., delays due to competency examinations of the Defendant, the pendency of pretrial motions, the joinder of additional Defendants with new charges, etc.), a criminal trial must commence within 70 days of the filing of an indictment or information, or the Defendant's initial appearance in court, whichever is later. 18 U.S.C. §§ 3161(c)(1) and 3161(h). To ensure this case proceeds as required by the Speedy Trial Act, the court orders that any motion seeking to extend 70-day trial deadline and to designate excludable time under the "ends-of-justice" provision in 18 U.S.C. § 3161(h)(7) must be filed by **July 11, 2016,** The motion must be filed *jointly* by the government

and the Defendant, i.e., if there is any disagreement between or among the parties and counsel, their competing positions and supporting rationale should be concisely set out in the joint motion.

The court will closely scrutinize any subsequent motions to extend Speedy Trial Act deadlines to determine whether they raise issues which should have been reasonably anticipated before the status conference. The Tenth Circuit has held that the ends-of-justice provision should be a rarely used tool for those cases demanding more flexible treatment. *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). Motions to extend the Speedy Trial Act's deadlines that are supported only by conclusory or boilerplate statements tracking the language found in 18 U.S.C. § 3161(h)(7)(B)(i)-(iv), even if stipulated by the parties, have been held by the Tenth Circuit under *Toombs* to be insufficient as a matter of law. For example, it is not enough merely to state that counsel is new and needs more time to adequately prepare for trial, or that counsel or witnesses will be out of town in the weeks preceding trial. Simply put, the court must be in a position to make adequate factual findings that the ends of justice served by granting any requested extension actually do outweigh the best interests of the Defendant, *and the public*, in a speedy trial. Of course, the court cannot provide a cookie-cutter template that applies to all cases. Nevertheless, motions to continue trial based on the ends-of-justice exception should address the issues set out below to the extent they are applicable, so the court can rule on the motion during the upcoming conference. In addition, counsel must email to the chambers of the judge who will preside at the conference a proposed order which includes detailed findings under 18 U.S.C. § 3161(h)(7). Factors important to this court include:

1. *Why* the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time, and in turn *how* failure to grant the

continuance would prejudice that party's position at trial, would be likely to make a continuation of such proceeding impossible, or otherwise result in a miscarriage of justice. For example, what's the procedural stage of the case? Does the case have a complicated history? If there is recently-disclosed discovery, how much discovery was produced previously, what is the nature, relevance, or importance of the new discovery, and what further investigation is needed as a result of the new discovery? And why is the length of the requested continuance (e.g., one month vs. two months) appropriate?

2. If it is believed the case should be designated as unusual or complex due to the number of Defendants, the volume of evidence produced by the government, the nature of the prosecution, the existence of novel questions of fact or law, or otherwise, such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits otherwise established by the Speedy Trial Act, this should be explained in detail.

3. In cases that do not qualify as unusual or complex, the motion should address whether the failure to grant a continuance would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the government continuity of counsel, or would deny defense counsel or the prosecutor the reasonable time necessary for effective preparation, taking into account and demonstrating (not just stating) that counsel has exercised due diligence. For example, how much preparation have counsel already done for this case, and how much longer do they need to prepare?

4. Press of other business ordinarily is *not* sufficient to justify an ends-of-justice continuance. A motion based in whole or in part on press of other business therefore must specifically address whether the case could be tried by other counsel in the same law office and how much trial preparation designated counsel already has completed. In any event, no

4

continuance will be granted if there has been a lack of diligent preparation or failure to obtain available witnesses on the part of government counsel. If counsel are involved in other trials, how many other trials are involved, how complicated are those cases, and how long will those trials last? What are the conflicting trial settings and how long have they been set?

5. If a witness is unavailable, the motion should explain the significance of the witness. What is the reason for the witness leaving town and how long will he or she be gone? How long has the trip been planned and could it be rescheduled? Could the witness's testimony be presented at another time?

6. The motion must state whether the Defendant agrees or disagrees with the requested extensions.

7. In multi-defendant cases, the motion must list, as to each defendant, the date on which the indictment or information was filed, the date of the defendant's initial appearance, whether the defendant is in custody and, if so, the date on which the defendant went into custody. In such cases, although the joinder of an additional defendant with new charges might result in excludable time (*see* 18 U.S.C. § 3161(h)(6)), new defendants may be subject to different Speedy Trial Act deadlines and thus the motion must address the prospect that one or more defendants might be tried separately to ameliorate speedy-trial concerns.

8. The motion must outline in detail a firm but realistic schedule for the case to be prepared for trial and tried. At a minimum, the proposed schedule must state: (a) how long it will take to complete any remaining discovery; (b) whether any pretrial motions, including but not limited to motions to suppress evidence, are likely to be filed and, if so, specifically what kinds of motions will be filed in this particular case; (c) whether evidentiary hearings on such motions probably will be necessary; and (d) how many trial days are expected.

**<u>Reciprocal Discovery</u>**

If a change of plea is not entered before or at least scheduled during the upcoming status conference, this Pretrial Order No. 1 shall continue to apply even after the court enters Pretrial Order No. 2 immediately following the conference. Further, this order will apply to the charge(s) now on file and to any superseding charge(s) in this case. In general, the parties must proceed immediately to comply with all applicable provisions of the Federal Rules of Criminal Procedure, including but not limited to, Fed. R. Crim. P. 12 (government notice of intent to use evidence that Defendant may seek to suppress), Fed. R. Crim. P. 12.1 (notice of alibi defense), Fed. R. Crim. P. 12.2 (notice of insanity defense), Fed. R. Crim. P. 16 (parties' disclosures and discovery), and Fed. R. Crim. P. 26.2 (production of witness statements). The government also must comply with the Supreme Court decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) (duty to produce all evidence, whether favorable or unfavorable, that is material to either guilt or punishment), and *Giglio v. United States*, 405 U.S. 150 (1972) (duty to produce evidence bearing on credibility of witnesses), and the progeny of *Brady* and *Giglio*. The government also must comply with the Jencks Act, 18 U.S.C. § 3500 (production of witness statements and reports), and Rule 404(b) of the Federal Rules of Evidence (notice of evidence of prior crimes or bad acts).

The effect of this Pretrial Order No. 1 is that a specific request by the Defendant or the government is *not* necessary to trigger the operation of the rules, statutes, and decisions mentioned above. The absence of a specific request may *not* be asserted as a reason for noncompliance. That is, a principal purpose of this order is to reduce or eliminate the inefficient filing of boilerplate discovery motions and motions for extension of time. That is, consistent with the mandate of Fed. R. Crim. P. 2, the court is trying to achieve the just determination of this

criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay. Accordingly, counsel must communicate with each other regarding discovery so that the requirements of this order may be met without unnecessary motion practice. Nothing in this order is intended to deter the voluntary exchange of information between counsel at times sooner than those specified, which the court strongly encourages.

## Disclosure by the Government

Without limiting the foregoing general directives, pursuant to Fed. R. Crim. P. 16(a), **within a reasonable time period after arraignment, and in any event at least 14 days before the deadline the court will set at the scheduling and status conference for the defendant to file motions to suppress and other pretrial motions and notices**, the government must copy for the Defendant or permit the Defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the Defendant, including grand jury testimony, in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the prosecutor.

2. That portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent, that the government intends to offer in evidence at trial.

3. The substance of any other relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known by the Defendant to be a government agent, if the government intends to use that statement at trial.

4.      A copy of the Defendant's prior criminal record, if any, in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the prosecutor.

5.      Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are in the government's possession, custody, or control and that are material to the preparation of a defense or are intended for use by the government as evidence in chief at the trial, or that were obtained from or belong to the defendant.

6.      Any results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof that are in the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known to the prosecutor, and that are material to the presentation of a defense or are intended for use by the government as evidence in chief at the trial.

In addition, pursuant to *Brady* and its progeny, **no later than 14 days before trial**, the government must produce all evidence then in its possession, custody, or control that would tend to exculpate the defendant (that is, evidence that is favorable and material to a defense) or that would serve to mitigate any punishment which may be imposed in this case.

Further, pursuant to *Giglio* and its progeny, **sufficiently in advance of trial that the defendant may make effective use of the information**, the government must produce all evidence then in its possession, custody, or control that would constitute impeachment of government witnesses. *Giglio* evidence includes, but is not limited to, the following:

1.      Any evidence tending to show threats, promises, payments, or inducements made by the government or any of its agents that would bear upon the credibility of any government witness.

2.       Any statement of any government witness that is inconsistent with a statement by the witness that led to the indictment in this case.

3.       Any statement of any government witness that the attorney for the government knows or reasonably believes will be inconsistent with the witness's testimony at trial.

4.       Any prior conviction of any government witness that involved dishonesty or false statement or for which the penalty was death or imprisonment in excess of one year under the law under which he or she was convicted.

5.       Any pending felony charges against any government witness.

6.       Any specific instances of the conduct of any government witness that would tend to show character for untruthfulness.

Subject to the requirements of *Brady* and *Giglio*, and pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, the government may decline to disclose pretrial statements of any of its witnesses (other than the defendant) until each such witness has concluded his or her direct examination. At that time, the government must produce the witness's prior statements that are in its possession and that relate to the witness's testimony.   To avoid delay during trial, though, the court strongly urges the government to provide the statements **at least 48 hours before the witness's scheduled appearance**.

Finally, **no later than 14 days before trial**, the government must file a notice stating the general nature of other crimes, wrongs, or acts of the defendant that the government intends to use at trial of the case pursuant to Fed. R. Evid. 404(b). This notice must include the specific purpose for which the government asserts the evidence is admissible, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

### Disclosure by the Defendant

Pursuant to Fed. R. Crim. P. 16(b)(1)(A), (B), & (C), the government is granted reciprocal discovery, which must be disclosed by the defendant **within 14 days after the government makes its Rule 16 disclosures**. **Within that same 14-day period**, the Defendant must provide the government disclosure of information called for by Fed. R. Crim. P. 12.1 and 12.2. If the Defendant timely discloses an alibi defense under Rule 12.1, then **within 14 days thereafter** the government must serve upon the defendant a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the Defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the Defendant's alibi witnesses.

### Expert Discovery

The government must provide the Defendant a written summary of testimony the government intends to use under Fed. R. Evid. 702, 703, or 705 during its case in chief at trial, **but only if specifically requested in writing by the defendant**. As required by Fed. R. Crim. P. 16(a)(1)(G), this summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. If the Defendant requests such expert discovery and the government complies, or if the Defendant has given notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony of the Defendant's mental condition, then the Defendant must provide the government reciprocal expert discovery, as required by Fed. R. Crim. P. 16(b)(1)(C).

## **Miscellaneous Requirements**

If the government or the Defendant needs additional discovery not covered by this order, then the party must file a motion requesting the specific discovery along with proper memorandum and specific citations setting forth the authority for the request.

It is the continuing duty of counsel for all parties to immediately reveal to opposing counsel any newly discovered information or other material within the scope of this order.

The original arraignment date governs the times specified in this order.   The times will *not* be automatically modified, suspended, extended, or restarted by the filing of additional or superseding charges. *See* D. Kan. Rule Cr. 50.1.   If the filing of additional or superseding charges causes the government or the defendant to believe a modification of the time limits is required, then counsel must promptly request a status conference.

IT IS SO ORDERED.

Dated June 15, 2016, at Kansas City, Kansas.

                                        s/David J. Waxse____
                                        David J. Waxse
                                        U.S. Magistrate Judge