# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

        vs.                                         No. 15-20014-01-JAR

**CHRISTOPHER A. PRYOR,**

    **Defendant.**

### RESPONSE TO MOTION FOR DISCOVERY, CONFIDENTIAL LEGAL VISITATION, AND THE "RETURN" OF PROPERTY

The United States opposes the motion (Doc. 15) of the defendant, Christopher A. Pryor, for Fed. R. Crim. P. 16(E) [sic[1]] discovery, confidential legal visitation, and the "return" of property under Fed. R. Crim. P. 41(g).

**A.  The allegations.**

Relying on partial and incomplete information in another case, and on nothing more than speculation and conjecture about this case, the defendant makes baseless and unfounded allegations against the Government.[2]  The allegations include:

1.  The Federal Public Defender's "confidential and privileged conversations with [unidentified] clients . . . have been recorded by CCA staff" (Doc. 15 at 1); the FPD "understand[s]" that, "at least in certain visitation rooms, CCA Leavenworth has recorded

---

[1]  *See* Doc. 15 at 1, 9, 10, 13.   The government believes the court will treat the motion as being brought under Fed. R. Crim. P. 16(a)(1)(E).

[2]  References to "the government," including the motion's accusations, actually refer to counsel for the Government and to the agents involved in this case.

video of [their] legal visits with [their] clients" (*id.* at 2); "as [the FPD] apprehend[s] [the situation], . . . [t]he meetings between the Federal Defender or CJA counsel and [their] respective clients are not only visually monitored, but recorded" (*id.* at 6).   However, there is no allegation, nor is there any evidence, that any conversation, visit, or meeting involving this defendant has been recorded.

2.   "CCA has provided those recordings to the USAO upon request" (*id.* at 1); "[t]hose recordings are then, at least in some cases, provided to the United States Attorney's Office" (*id.* at 6-7).   However, there is no allegation, nor is there any evidence, that any recording concerning this defendant has been requested by or provided to the USAO or any other government agency.

3.   "Those confidential legal communications have been used by the government in pending litigation and have been disclosed as discovery to other defendants and counsel" (*id.* at 1-2); "[t]he documents [the FPD] review[s] with [its] clients, how [its] clients react to those documents, and the notes taken by client and counsel are open to government inspection and review" (*id.* at 7).   However, although there is a footnote (omitted in the first quotation) referring to another case, there is no allegation, nor is there any evidence, that the alleged activity has occurred in this case.

4.   The FPD "understand[s]," without citation to any authority or evidence, that "all legal calls are also recorded, and the content of those calls are also available to the USAO." (*Id.* at 2-3.)   The Government believes that legal calls are recorded only when a defense attorney has failed to inform CCA of his or her phone number(s), and thus CCA's phone

2

system is not set to segregate calls involving those phones. In any event, there is no allegation, nor is there any evidence, that any recorded calls have been provided to the USAO in this case.

### B. The defendant's legal bases, and the remedies sought.

Relying on Rules 16(a)(1)(E) and 41(g), the defendant asks the Court to order:

(1) "CCA to stop recording legal communication, including video recording legal visitation and recording legal phone calls" (doc. 15 at 12); and

(2) "the government to identify whether attorney-client communications have been provided by CCA in this case and, if so, whether the AUSA or case agents have reviewed the recordings" (*id.* at 13).

The defendant–without asking the Court to order that the following events occur– also:

(3) states he "should" be transported to the courthouse for contact visits until the Court orders CCA to stop recording legal communications (*id.* at 12-13);

(4) "ask[s] for notice of whether any of [his] confidential attorney-client communications are in possession of the USAO in relation to any other case, particularly as part of *U.S. v. Black*, D. Kan. Case # 16-cr-20032-JAR" (*id.* at 13); and

(5) states that if there are any recordings of him they "should" be identified, preserved, and "returned" to "the defense" (*id.* at 13).

## C. The defendant's visitation issues are moot.

The defendant's request for an order directing CCA to stop making video and audio recordings of communications with his attorney, and for transportation to the courthouse for legal visits until such an order is entered, is moot.   The requested order has already been entered in *United States v. Black, et al.,* D. Kan. No. 16-20032-JAR, Doc. 102 at 3, and the transportation suggestion is also moot.

## D. The defendant has failed to make a showing which is sufficient to warrant a hearing on the remaining issues.

Because the defendant has not made a showing sufficient to warrant an evidentiary hearing, this Court should exercise its discretion and deny the motion without one.

> The defendant bears the burden of showing there are material facts in dispute, and an evidentiary hearing is only required when the motion to suppress raise[s] factual allegations that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue."   *Id.* (quoting *United States v. Walczak*, 783 F.2d 852, 856 (9th Cir. 1986)). . . . It was within the district court's discretion to find [the defendant] had failed to meet her burden of showing facts justifying an evidentiary hearing and that the facts as stipulated did not justify suppression.

*United States v. Glass*, 128 F.3d 1398, 1408-09 (10th Cir. 1997).   *See also United States v. Childers*, 117 F. App'x 633, 637 (10th Cir. 2004) (citing *Glass* for the same proposition); *United States v. Ary*, 518 F.3d 775, 782 (10th Cir. 2008) ("A trial court must grant an evidentiary hearing on a motion to suppress only if the defendant has evidence justifying relief." (internal citations and quotation marks omitted)); *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1989) (because the defendant "failed to demonstrate that his pretrial

motions contained the required 'definite, specific, detailed and nonconjectural' statement of facts that is a prerequisite for an evidentiary hearing. . . . [T]he district court did not err when it denied [defendant's] motions to suppress without conducting an evidentiary hearing." (quoting *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)).

This rule is particularly applicable where, as here, there is no evidence–and the defendant has not proffered any–that the "property" which he seeks to have "returned" to him even exists.

Although the cases cited above generally pertain to pretrial motions to suppress evidence, the principle also applies to motions, such as the defendant's, brought under Fed. R. Crim. P. 41(g).

"A person whose property has been seized by the government may file a motion under Federal Rule of Criminal Procedure 41(g), formerly codified in Rule 41(e), for the return of the property." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014). Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *Id.*, 564 F.

App'x at 130.   "A finding that the government *actually possesses* the property sought is a *necessary predicate* to the resolution of a Rule 41(g) motion."   *Id.*   (Emphasis added.)

Other cases have held that the defendant must first make a prima facie showing. *See, e.g., Matthews v. United States*, 917 F. Supp. 1090, 1105 (E.D. Va. 1996) (explaining that the government may be required to defend a Rule 41 motion for the return of property "[i]f a defendant successfully makes out a prima facie case of lawful entitlement" to the property); *United States v. Warrington*, 17 F.R.D. 25, 29 (N.D. Cal. 1955) (holding that a defendant who seeks the return of property under Rule 41 "must . . . make a prima facie showing *before* the Government is required to defend the actions of its officers." (emphasis added).)

The defendant has not even alleged that the Government, in this case, actually possesses any recordings concerning his communications with his counsel.   Thus, he has not met his burden.

There are important legal principles at stake in this matter.   And the attorneys for each party have an obligation to zealously represent their clients, and to protect their clients' prerogatives.

If the Government does not insist that the defendant must meet the appropriate legal standards, then it can expect more information-seeking motions in the future.   For example, if a future defendant wonders whether he or she is being investigated for new charges of obstruction of justice or intimidation of a witness, then he or she can simply file a similar motion, and then expect the Government to be required to disclose whether the

6

requested information exists–even though another court, fully informed of the facts, may have authorized the Government to obtain the property.  The Government should not have to thus confirm or deny the existence of an investigation or its utilization of investigative techniques.

And just because a particular suppression motion or a particular Rule 41(g) motion was granted or denied in one case does not mean that the same result must apply in another case.

### E.  The defendant's request for the "return" of property should be denied, because any recordings are not his property.

The defendant seeks the "return" of recordings which–even if they existed–are not, and never have been, his property.

Rule 41 governs the procedures for obtaining and executing arrest warrants and search warrants.  "Rule 41 embodies standards which conform with the requirements of the Fourth Amendment."  *United States v. Haywood*, 464 F.2d 756, 760 (D.C. Cir. 1972). Rule 41(g) provides, in part, that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

A Rule 41(g) motion is governed by equitable principles.  *See Floyd v. United States*, 860 F.2d 999, 1002-03 (10th Cir. 1988) (discussing former Rule 41(e)). Jurisdiction under Rule 41(g) "should be exercised with caution and restraint."  *Id*. at 1003.  If the defendant cannot show irreparable harm and an inadequate remedy at law, the motion should be dismissed.  *Id*.; *see also In re Matter of Search of Kitty's East*, 905

F.2d 1367, 1375 (10th Cir. 1990) (defendant bears the burden of establishing under Rule 41(g) that "the retention of the property by the government is unreasonable").

The Tenth Circuit reviews a district court's denial of a Rule 41(g) motion for an abuse of discretion. *See United States v. Deninno*, 103 F.3d 82, 84 (10th Cir. 1996) (applying former Rule 41(e)). A district court abuses its discretion where it "fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

Here, any recordings would have been received from CCA, the entity that would have provided them to the Government. There is simply no property to "return" to the defendant under Rule 41(g). Rather, any recording would be the property of CCA, and would at no time have belonged to the defendant. Thus, the defendant's request for the "return" of property pursuant to Rule 41(g) should be denied.

### F. The defendant's reliance on Rule 16 is unfounded.

The defendant's request for discovery under Fed. R. Crim. P. 16(a)(1)(E) should be denied as moot. This Court has already ordered the Government to provide Rule 16 discovery (*Pretrial Order No. 1*, Doc. 9 at 7, 8), and the Government is aware of its continuing obligations.

It is particularly troublesome that the FPD did not first confer with counsel for the Government before filing the instant motion, as is required by the pretrial order:

8

> If the government or the defendant needs additional discovery not covered by this order, then the party must file a motion requesting the specific discovery along with proper memorandum and specific citations setting forth the authority for the request. *The court will not entertain any motion to resolve a discovery dispute* or a motion to quash or modify a subpoena *unless the attorney for the moving party certifies he or she has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.* Every certification required by this order must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

(*Id.* at 12 (emphasis added).)

If that consultation had occurred, the FPD would have learned the Government has not reviewed, has not had, does not have, and has not considered or made use of any videotape or audiotape of meetings or communications between Pryor and his counsel. The Government is further unaware of the possession by the U.S. Attorney's Office of any of the defendant's confidential attorney-client communications in relation to any other case.

But because the FPD did not confer with opposing counsel, or make any apparent effort to do so, and because the FPD has not made the certification as required by the pretrial order, this Court should apply the quoted provision of the pretrial order and refuse to entertain this motion.

### G.  Conclusion.

The defendant's motions should be denied. To the extent the Government has not addressed any other allegations in the defendant's motion, they are not conceded. Instead,

because of the limited time available to prepare this response, the Government will address such issues at any hearing if the Court finds the defendant has cleared his preliminary hurdles.

        Respectfully submitted,

        THOMAS E. BEALL
        Acting United States Attorney

        *s/ Terra D. Morehead*
        Terra D. Morehead, Ks.S.Ct. 12759
        Assistant U.S. Attorney
        500 State Avenue, Suite 360
        Kansas City, KS   66101
        Tel. 913-551-6730
        Fax 913-551-6541
        Terra.Morehead@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 29, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a copy of the document along with a notice of electronic filing to all counsel of record.

        *s/ Terra D. Morehead*
        Terra D. Morehead, Ks.S.Ct. 12759
        Assistant U.S. Attorney