## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 15-20014-01-JAR** |
| **CHRISTOPHER A. PRYOR,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Christopher Pryor's Motion to Suppress Evidence (Doc. 13).  Defendant contends that evidence seized by law enforcement from an encounter with Defendant on December 20, 2014 was seized in violation of his Fourth Amendment rights.  The Government has responded (Doc. 16), and an evidentiary hearing was held on September 14, 2016.  The Court has reviewed the evidence and arguments adduced at the hearing and is now prepared to rule. As explained in detail below, Defendant's motion is denied.

### I.    Factual Background

Based on the testimony and evidence admitted at the hearing on this motion, the Court finds as follows.  On December 20, 2014, Officer Nicholas Stein, an officer with the drug unit of the Olathe, Kansas Police Department, was conducting surveillance on a specific house on Loula Street in Olathe, Kansas where drug activity was suspected.  Officer Stein observed a grey Toyota Corolla driven by an individual later identified as Defendant Christopher Pryor leave that home and turn north from Loula Street onto Pine Street without utilizing a left turn signal. Officer Stein attempted to get behind the vehicle, which then turned west on Santa Fe Street and north on Iowa Street.  The vehicle made a right into an alleyway adjacent to Iowa Street.  Based

on Defendant taking multiple turns and ducking into an alleyway, Officer Stein testified that he believed the driver of the vehicle was attempting to evade the police.

As Officer Stein turned into the alleyway, he noticed that Defendant had parked in a driveway behind a home and exited the vehicle.  Defendant had begun walking toward the home. Officer Stein exited his marked patrol vehicle without activating the lights and identified himself as a police officer.  Immediately upon identifying himself as a police officer, Officer Stein testified that he observed Defendant become argumentative and uncooperative.  Officer Stein testified that he did not believe at this point he had probable cause to arrest or detain Defendant. Instead, Officer Stein told Defendant that he had observed him commit a traffic violation and Defendant needed to return to his vehicle.  Officer Stein testified he ordered Defendant back into Defendant's vehicle for safety reasons.  Officer Stein also testified he thought at this time that the stop would merely be a routine traffic stop.

Defendant complied with Officer Stein's directive to return to the vehicle.  Once Defendant was seated in the driver's seat, Officer Stein situated himself between the driver's seat and the open driver's side door to continue conducting the traffic stop.  He immediately noticed the scent of raw marijuana emanating from the vehicle.  He also observed a silver handgun in driver's side door pocket.  Based on the handgun in the vehicle and Defendant's demeanor, Officer Stein directed Defendant to put his hands on the steering wheel.  Defendant refused to put his hands on the steering wheel.  Defendant then began to reach for a cellphone to call his girlfriend.  Officer Stein directed him to put his hands behind his back to place him under arrest. Defendant again refused to comply.  After refusing to cooperate with directives, Officer Stein testified that he pinned Defendant to the driver's seat with his knee to ensure he could not reach for the handgun.

Backup officers arrived on scene within several minutes to assist Officer Stein with the stop. Another officer secured the handgun from the driver's side door. It was later determined that the handgun was a loaded .380 caliber Cobra pistol. Based on the loaded handgun, marijuana odor, and demeanor of Defendant during the stop, Officer Stein placed Defendant under arrest. Defendant was searched and secured in the back of a patrol car. During a search of Defendant's vehicle, Officer Stein found one marijuana joint with raw marijuana on the floor in front of the driver's seat, two sealed pill bottles with marijuana residue in the center console, and two marijuana roaches in the area beneath the car radio. Once taken to the station, it was determined that Defendant was driving on a suspended license.[1]

## II.    Discussion

Defendant focuses his argument for suppression on his seizure during the stop being unreasonable and impermissible under the Fourth Amendment. Defendant argues that a traffic violation was not a proper basis for Officer Stein to detain Defendant and order him back to his vehicle. Further, because the order to return to his car was unreasonable, Defendant argues the ensuing search was unreasonable and not within a recognized exception to the warrant requirement. First, Defendant argues the car could not be searched incident to arrest because there was no reason to believe the vehicle contained evidence of a turn signal violation. Second, Defendant argues the exception for plain view may not be invoked because it was unreasonable for Officer Stein to order Defendant return to the car where the incriminating evidence was seen.

---

[1] Driving with a suspended license is an arrestable offense in the state of Kansas. *See* K.S.A. § 22-2401.

### A.    Seizure During Traffic Stop

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[2]  A traffic stop is a seizure within the meaning of the Fourth Amendment, "even though the purpose of the stop is limited and the resulting detention is quite brief."[3]  A lawful, reasonable traffic stop begins when a vehicle is pulled over for investigation of a violation of traffic laws.[4]  The temporary seizure of the driver continues and remains reasonable for the duration of the stop.[5]  The stop ends when the police have no further need to control the scene and the officer communicates that the driver is free to leave.[6]  Because of the brief nature of traffic stops, the reasonableness of the stop is determined by applying the principles of *Terry v. Ohio*.[7]  Under *Terry*, reasonableness depends on (1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances which justified the interference in the first place.[8]

First, the initial stop was justified because Defendant committed a traffic violation. Officer Stein testified that while conducting patrol on Loula Street, he observed Defendant turn left onto Pine Street without using his turn signal, which is a traffic violation.[9]  Defendant admits

---

[2] U.S. Const. amend. IV.

[3] *United States v. Hunnicutt*, 135 F.3d 1345, 1348 (10th Cir. 1998) (quoting *Delaware v. Prouse*, 440 U.S. 648, 653 (1979)).

[4] *Arizona v. Johnson*, 555 U.S. 323, 333 (2009). **Error! Main Document Only.**

[5] *Id.*

[6] *Id.* (citing *Brendlin v. California*, 551 U.S. 249, 258 (2007)).

[7] 392 U.S. 1 (1968).

[8] *Id.* at 19–20; *Hunnicutt*, 135 F.3d at 1348.

[9] *See* K.S.A. § 8-1548.

that he was stopped for a turn signal violation.[10]  Therefore, the Court finds that Officer Stein had probable cause to pull Defendant over for a traffic violation, so the stop was justified at its inception.

Second, the Court finds that the scope of the stop was reasonable. To be reasonable, the scope of a traffic stop must last no longer than necessary to effectuate the purpose of the stop and must be carefully tailored to the underlying purpose of the stop.[11]  During a routine traffic stop, officers may request a driver's license and registration for the vehicle, run a computer check on the information given, and issue a citation.[12]  The officer may detain the driver and his vehicle as long as reasonably necessary to complete these tasks and to issue a citation.[13]

Defendant argues that the seizure was not reasonable in scope because Officer Stein could not order Defendant back into the car he exited.  Defendant notes that case law is replete with cases upholding officer's demands for individuals to *get out* of the vehicle for purposes of officer safety.[14]  Defendant suggests that it is unreasonable under case law to do the converse (i.e. demanding individuals *get in* the vehicle) because officer safety is more at risk with the driver in the vehicle.  The Government, however, argues that an officer may direct occupants to return or remain in the vehicle under existing case law.[15]  The rationale for such a rule has been

---

[10] Doc. 13 at 4 ("It is undisputed that the only reason Officer Stein stopped Mr. Pryor was for a turn signal violation.").

[11] *United States v. Wood*, 106 F.3d 942, 945 (10th Cir. 1997) (citing *Florida v. Royer*, 460 U.S. 491, 500 (1983)); *United States v. Lee*, 73 F.3d 1034, 1038–39 (10th Cir. 1996).

[12] *United States v. Williams*, 271 F.3d 1262, 1268–69 (10th Cir. 2001); *Wood*, 106 F.2d at 945; *United States v. Jones*, 44 F.3d 860, 872 (10th Cir. 1995).

[13] *Wood*, 106 F.2d at 945 (citing *United States v. Martinez*, 983 F.2d 968, 974 (10th Cir. 1992)).

[14] Defendant primarily relies on *Pennsylvania v. Mimms*, 434 U.S. 106 (1977) (holding an officer may demand individuals to get out of a vehicle after a lawful traffic stop for the safety of the officer).

[15] The Government primarily relies on *United States v. Williams*, 419 F.3d 1029, 1032–34 (9th Cir. 2005) (holding an officer may demand a passenger get in a vehicle after voluntarily exiting).  *See, e.g., Rogala v. District of Columbia*, 161 F.3d 44, 53 (D.C.Cir.1998) (holding that a passenger ordered by police to get back into the vehicle that she voluntarily exited was not an unreasonable seizure because "a police officer has the power to reasonably control the situation by requiring a passenger to remain *in* a vehicle during a traffic stop") (emphasis in original);

not only officer safety, but also the value of giving officers control over the movements of people involved in traffic stops.[16]

The Court disagrees with Defendant that the seizure was unreasonable because Officer Stein ordered Defendant back in his vehicle.  The purpose of a traffic stop is to enforce traffic laws and issue a citation for a traffic violation.  In order to issue a ticket, Officer Stein testified that he needed license, registration, and insurance as is typical protocol in a traffic stop.  These are all presumably located inside the vehicle and unreachable to Defendant outside the vehicle. Officer Stein could reasonably detain Defendant until such tasks were complete and the citation issued.  There was nothing unreasonable in Officer Stein's request that Defendant return to the vehicle in order to effectuate the traffic stop.

Further, the Court disagrees with Defendant that existing case law would forbid Officer Stein from ordering Defendant back in his vehicle.  Although existing case law does hold an officer may order a driver out of the vehicle, an officer also must be able to demand a driver return to the vehicle during a traffic stop.  While there are certain risks to officer safety from occupants inside a vehicle,[17]an officer must have the flexibility on a case-by-case basis to decide whether it would be safer to have an occupant inside or outside the vehicle for the traffic stop. The Court recognizes that Officer Stein needed to gain control over the movement of Defendant who he believed was attempting to evade police.  He also testified there were safety concerns having Defendant outside of the vehicle because immediately when making contact with

---

*United States v. Moorefield,* 111 F.3d 10, 13 (3d Cir.1997) (holding a passenger who attempted to voluntarily exit a lawfully stopped vehicle was not unreasonably seized when the officer ordered him to get back into the automobile and keep his hands in the air).

[16] *Williams*, 419 F.3d at 1034 (citing *Maryland v. Wilson*, 519 U.S. 408, 414 (1997)).

[17] *Mimms*, 434 U.S. at 110–11 (noting that there is a safety concern when an officer confronts a person seated in a vehicle, a high risk of police shootings from people in vehicles, and a hazard imposed from passing traffic).

Defendant, he became combative.  Officer Stein was alone in the alleyway without backup at the time.  Officer Stein testified that he believed that giving Defendant directives to return to the vehicle would de-escalate the situation and cure some of the safety concerns.  It was not unreasonable under existing case law for Officer Stein to demand Defendant return to his vehicle during a traffic stop.  Because it was reasonable for Officer Stein to demand Defendant return to his vehicle, the scope of the stop was reasonable.

Because the stop was both justified from its inception and reasonable in scope, the Court finds that the stop was reasonable under *Terry*.  Therefore, the seizure was reasonable.

### B.      Search During Traffic Stop

Although the Court has found that Officer Stein reasonably conducted the stop itself, it must also analyze whether Officer Stein could properly search and seize the evidence found during the stop.  Defendant argues that this search was not justified under the plain view or the search incident to arrest exception to the warrant requirement.  The Government does not dispute that this was not a search made incident to arrest, so the Court will not analyze under this exception.[18]  Instead, the Government argues that Officer Stein's plain view and plain smell observations justified subsequent search of the vehicle.

Under the Fourth Amendment, every search by a government agent must be reasonable.[19]  In general, searches are unreasonable and invalid when conducted without probable cause and executed lacking a warrant.[20]  However, certain kinds of searches are valid as exceptions to the

---

[18] Doc. 16 at 12.

[19] U.S. Const. amend. IV.

[20] *See Kentucky v. King*, 563 U.S. 452, 459 (2011); *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *Katz v. United States*, 389 U.S. 347, 357 (1967).

probable cause and warrant requirements,[21] including searches and seizures of items in plain view and searches of vehicles.

One exception to the warrant requirement is police may seize evidence that is in plain view.[22] There are three requirements to a valid warrantless seizure of incriminating evidence under the plain view doctrine. First, the officer must not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed.[23] Second, the incriminating character of the evidence must be immediately apparent.[24] Third, the officer must also have lawful right or access to the evidence itself.[25] Courts have expanded the exception to "plain smell."[26]

Another exception to the warrant requirement exists for motor vehicles. The Fourth Amendment does not require police to obtain a warrant to search a motor vehicle when they have probable cause to believe the vehicle contains contraband or evidence of criminal activity.[27] The Tenth Circuit has "long recognized that marijuana has a distinct smell and that the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage."[28]

Officer Stein's initial observation of the handgun and odor of raw marijuana were plain view and smell observations that were valid under the Fourth Amendment. As discussed more

---

[21] *Katz*, 389 U.S. at 357.

[22] *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

[23] *Id.* at 375; *Horton v. California*, 496 U.S. 128, 136–37 (1990); *Texas v. Brown*, 460 U.S. 730, 739 (1983).

[24] *Dickerson*, 508 U.S. at 375.

[25] *Id.*

[26] *United States v. Shuck*, 713 F.3d 563, 569 (10th Cir. 2013); *United States v. Angelos*, 433 F.3d 738, 747 (10th Cir. 2006) (explaining that plain smell doctrine is a logical extension of plain view).

[27] *Carroll v. United States*, 267 U.S. 132, 160–62 (1925); *United States v. Loucks*, 806 F.2d 208, 209 (10th Cir. 1986) (holding that once the officer found contraband in the vehicle, there was probable cause to search).

[28] *United States v. Morin*, 949 F.2d 297, 300 (10th Cir. 1991); *United States v. Merryman*, 630 F.2d 780, 785 (10th Cir. 1980); *United States v. Sperow*, 551 F.2d 808, 811 (10th Cir. 1977).

fully above, there is no issue with Officer Stein demanding Defendant return to his vehicle. Officer Stein was validly between the driver's seat and the open driver's side door to conduct the traffic stop.  Officer Stein was in a lawful position to smell the odor of raw marijuana and observe the handgun from the pocket of the driver's side door.  The incriminating nature of both the handgun and the odor are immediately apparent.  Officer Stein had lawful access to the vehicle.

Based on his plain view observations of the gun and plain smell observation of the marijuana, there was probable cause to believe the vehicle contained contraband that justified a further search.  Officer Stein's detection of the smell of marijuana should be given substantial weight in the probable cause analysis.  Further, his observation of the handgun in the driver's side door pocket also furnished probable cause to search.  Under the motor vehicle exception to the warrant requirement, Officer Stein had probable cause to search the vehicle for contraband. Therefore, the search that led to discovery of the one marijuana joint, two pill bottles with marijuana residue, the two marijuana roaches, and the handgun was valid under the Fourth Amendment.

Because the search was justified under both the plain view doctrine and the motor vehicle exception, the search did not violate the Defendant's Fourth Amendment rights.  Therefore, the search was valid.

### III.    Conclusion

The Court finds that the initial traffic stop was justified by Defendant's violation of Kansas traffic laws.  Additionally, it was reasonable in scope for Officer Stein to request that Defendant return to his vehicle to finish conducting the traffic stop.  Because Officer Stein could demand Defendant return to his vehicle, he also was validly next to the vehicle to finish

conducting the stop.  While next to the vehicle, in plain view, he saw a handgun.  With plain

smell, he smelled raw marijuana emanating from the vehicle.  The handgun and raw marijuana

constitute probable cause to search the vehicle for evidence of further contraband.  As a result,

no Fourth Amendment violation occurred, and the Court must deny Defendant's motion to

suppress.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

Suppress Evidence (Doc. 13) is **denied**.

**IT IS SO ORDERED.**

Dated: September 25, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE