```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


 UNITED STATES OF AMERICA,      Docket No. 15-20014-01-JAR

      Plaintiff,                Kansas City, Kansas
                                Date:  03/20/2017
 v.

 CHRISTOPHER A. PRYOR,

      Defendant.
 ....................


                   TRANSCRIPT OF SENTENCING
            BEFORE THE HONORABLE JULIE A. ROBINSON
                 UNITED STATES DISTRICT JUDGE




 APPEARANCES:
 For the Plaintiff:    Ms. Terra D. Morehead
                       United States Attorney's Office
                       360 U.S. Courthouse
                       500 State Avenue
                       Kansas City, Kansas 66101

 For the Defendant:    Ms. Chekasha F. Ramsey
                       Federal Public Defender's Office
                       201 U.S. Courthouse
                       500 State Avenue
                       Kansas City, Kansas 66101

 Court Reporter:       Kelli Stewart, RPR, CRR, RMR
                       Official Court Reporter
                       259 U.S. Courthouse
                       500 State Avenue
                       Kansas City, Kansas 66101
```

1                (2:01 p.m., proceedings commenced).
2                THE COURT:  All right.  You can be seated.
3   All right.  We're here in United States versus
4   Christopher Pryor, 15-20014.  Your appearances, please.
5                MS. MOREHEAD:  May it please the Court.
6   Terra Morehead, Assistant United States Attorney,
7   appearing on behalf of the government.
8                MS. RAMSEY:  Che Ramsey on behalf of
9   Christopher Pryor, who appears in person with counsel.
10               THE COURT:  All right. We're here for
11  sentencing of Mr. Pryor this afternoon.  There are a
12  number of objections to the presentence report.
13  Objection No. 2 has to do with a statement attributed to
14  Mr. Pryor in the presentence report.  It was actually a
15  statement that came from a police report I think.
16  Paragraph No. 11.
17               MS. RAMSEY:  And, Your Honor, if I may
18  expound upon that before the Court rules, it may make it
19  a little easier.
20               Our objection has to do with-- and the
21  reason-- and the reason I'm wanting to address the Court
22  orally is because we did not want to put this in the
23  PSR.  Upon Mr. Pryor's arrest in this case, he attempted
24  to proffer and do some confidential informant actions on
25  behalf of the police department in order to be released

1  at-- on the date that he was arrested.
2              As a part of that, we're not disputing that
3  Mr. Pryor said that he could buy drugs and sell them,
4  but the context of the statement was in-- when he was
5  trying to proffer with the-- with the police officers
6  and become a confidential informant.  So he was telling
7  them that he knew certain people, that if they would use
8  him, that by knowing these certain people and knowing
9  that they had sold drugs, he would be able to engage in
10 and do that for them.
11             So I-- it's really not necessarily that the
12 total statement is wrong, but it was within the context
13 that we wanted to clarify with the Court.  And part of
14 the basis that we argue that, one, is that it was
15 tape-recorded, and so that was true.  And secondly, we
16 do argue that, you know, there-- he has no history--
17 although there's a long history of arrests in this case,
18 he has no history of really drug use, drug sales.  I
19 think there's a possession of marijuana, a misdemeanor,
20 which was the first criminal history conviction, but
21 outside of that.
22             And so our argument really was that the
23 statement was made, but it was made in the context of
24 attempting to proffer or assist the police officers for
25 his own benefit upon his arrest, but not that he

1  regularly engages in that kind of activity.
2              THE COURT:  All right.  I understand.
3  Excuse me.  I don't find a need to rule on this
4  particular objection as it will not affect adversely or
5  otherwise, positively, one way or the other.  I'm not
6  going to take it into consideration for purposes of
7  rendering a sentence.
8              And then there are objections to the
9  assessment of a total of ten criminal history points for
10 a number of convictions that are detailed in
11 Paragraphs 48, 52, 54, 55, 56, and 61, again that total
12 ten points.  And the presentence report scored a total--
13 a subtotal of 24 criminal history points, which two
14 points were subtracted, for a subtotal of 22 criminal
15 history points because no more than four points can be
16 counted under Guideline 4A1.1(c).
17             And then there were additional two points
18 added back in because one of these offenses in Saline
19 County District Court Case No. 12-- 12CR-1005 was
20 committed while Mr. Pryor was under a criminal justice
21 sentence.  And that particular Saline County case
22 relates to Paragraph No. 60.  There's not an objection
23 to the scoring of that particular conviction.
24             And as I calculate this, this is not an
25 objection I need to address either because it doesn't

1   really affect the sentence in terms of the criminal
2   history category.  In other words, even if I were to
3   disregard all ten of these points, Mr. Pryor would still
4   be at category VI.  Do you agree?
5              MS. RAMSEY:  Yes, Your Honor, we-- I agree.
6              THE COURT:  All right.  Well, given that, I
7   don't find that this is an objection that needs to be
8   ruled upon either.  And the presentence report obviously
9   covers all of the concerns that Mr. Pryor has and all of
10  the arguments Mr. Pryor has as to whether or not there
11  was a waiver of counsel in those cases.  And so the
12  addendum and all of that is of record, but I don't think
13  I need to rule on that either since it won't make a
14  difference in the calculation of the sentencing
15  guidelines and, frankly, won't make a difference in the
16  sentence that I intend to give.
17             All right.  So before I announce proposed
18  findings of fact and a tentative sentence in this case,
19  I'll see if the parties have any other matters that
20  you'd like to submit to me.  I will note that I've
21  received a Certificate of Participation of Mr. Pryor in
22  a 12-step support group offered by CCA that's dated
23  March 9th of this year.
24             Ms. Ramsey, is there anything more that
25  you'd like to offer before I announce a tentative

1  sentence?
2              MS. RAMSEY:  Your Honor, just-- I don't know
3  that we've addressed the objection, it was No. 3.
4              THE COURT:  Oh.
5              MS. RAMSEY:  It was an objection that we
6  were requesting the Court consider removing the
7  information from the PSR.  We objected to Paragraph
8  No. 80.  Paragraph No. 80 is listed under I believe
9  "Other Arrests" category in the PSR.  And it
10 specifically lays out information regarding a forceable
11 rape case that Mr. Pryor was arrested for.  That case
12 was subsequently declined to be prosecuted-- declined
13 prosecution twice.
14             And we find it only important really to
15 request the Court-- what we're doing is requesting the
16 Court remove that particular-- or redact it and submit
17 an amended PSR to Bureau of Prisons in that it is not a
18 case that it seems to even be supported by probable
19 cause.
20             My concern is it is allegations, unfounded
21 allegations like these that sometimes bear upon Mr.
22 Pryor's security level.  Even can bear upon placement,
23 it can bear upon obviously how he's seen and how he's
24 able to do his time amongst other inmates there.  And
25 based on the fact that we don't find that it's supported

1  by probable cause-- and we do appreciate Mr. Derby's-- I
2  think Mr. Derby went back based on my original objection
3  and made a-- more input in the narrative regarding the
4  evidence that was in favor of Mr. Pryor that ultimately
5  led to the decline in the prosecution.  So we do
6  appreciate that.
7           But we would ask the Court to consider
8  redacting that portion just based on the impact that we
9  feel it will-- negative impact it will have on Mr.
10 Pryor, possibly could have while he's doing his-- his
11 sentence.  We do understand that it does not bear upon
12 more than likely the Court's ultimate sentence, but it
13 does concern us and so we were just asking the Court to
14 consider that.
15          THE COURT:  Does the government have a
16 response?
17          MS. MOREHEAD:  Judge, I believe that, you
18 know, if there-- there is a provision in there about
19 other criminal contacts.  "Other Arrests" I think is how
20 it's entitled.  And I know you didn't get the original
21 draft but, you know, I-- I think it succinctly
22 identifies all of the details.
23          So I never think it's-- I oftentimes see
24 these types of objections where they try to have certain
25 things removed from the presentence report.  However,

1   if-- if there wasn't the provision in here to include
2   this information, then I don't think the Bureau-- or the
3   Sentencing Commission would have included this.
4            So I think it's appropriate because it's
5   just general information that should be included.  And
6   so that's all I have.
7            THE COURT:  All right.  Well, I'm going to
8   deny this objection.  The presentence report clearly
9   sets out that prosecution was declined and that
10  prosecution was declined because the testimonial
11  evidence had insufficient corroboration.
12           This is one of those situations where there
13  were a number of people whose testimony probably
14  would've been relevant to this situation one way or the
15  other.  There were undoubtedly credibility issues with
16  respect to that.  I think the action the prosecutor took
17  in declining it for insufficient corroboration speaks to
18  that.
19           But nonetheless, this was a charge.  This
20  was a situation in which Mr. Pryor was involved to some
21  extent.  And I don't think it's appropriate - I never
22  really do - to excise other conduct like this from the
23  presentence report, other arrests.  I think all of it
24  goes to issues that may or-- may be considered relevant
25  in terms of classification and all of that.

1                It is not a conviction.  Prosecution was
2    declined.  It looks like there were concerns about
3    credibility.  And the Bureau of Prisons can read this,
4    just as well as I can.  But nonetheless, it happened and
5    I think it's part of the picture that needs to be
6    included with respect to Mr. Pryor's past encounters
7    with law enforcement.  So I'll overrule and deny that
8    objection.
9                So I will move on now to announcing proposed
10   findings of fact and a tentative sentence and-- unless
11   there's anything more at this point, then I'll hear from
12   the parties.
13               MS. RAMSEY:  No, Your Honor.  It would be
14   proper after.
15               THE COURT:  Okay.  All right.  The total
16   offense level in this case is 12 and the criminal
17   history category is VI.  The statute sets a maximum term
18   of imprisonment of ten years.  The guidelines recommend
19   a range of 30 to 37 months.  The Court's tentative
20   sentence is 36 months, followed by three years of
21   supervised release.  The statute sets a maximum three
22   years of supervised release, and the guideline range is
23   one to three years.
24               Given the term of prison and supervised
25   release, there's no term of probation.  Probation is

1  actually not authorized under the guidelines, although
2  under the statute I could impose one to five years of
3  probation.
4           I do not intend to impose a fine.  The
5  maximum fine under the statute is $250,000.  The
6  guideline range is 3,000 to $30,000.  Restitution is--
7  is not applicable.  Per statute and guidelines, I will
8  impose a $100 special assessment for the Crime Victims
9  Fund.
10          The Court is required to impose a sentence
11 that is sufficient, but not greater than necessary, to
12 comply with the purposes of sentencing identified in the
13 statute.  In determining the particular sentence to be
14 imposed, the Court has considered the sentencing
15 guidelines, which promote uniformity in sentencing and
16 assist the Court in determining an appropriate sentence
17 by weighing the basic nature of the offense, as well as
18 aggravating and mitigating factors.
19          The Court has considered the plea agreement
20 and the presentence investigation report.  In accordance
21 with the provisions set forth at 18 U.S.C.
22 Section 3553(a), the Court has considered the nature and
23 circumstances of the offense and the history and
24 characteristics of Mr. Pryor.
25          The Court considers that Mr. Pryor is 29

1  years old and he has an extensive criminal history.
2  Disregarding the ten criminal history points that were
3  objected to, he nonetheless falls in category VI, which
4  includes a lot of conduct that is problematic for the
5  community; felony offenses, a number of misdemeanor
6  offenses, including battery charges.  In fact, most of
7  his criminal history is misdemeanor offenses, but
8  nonetheless personal and property crime type of
9  offenses.
10              Only 13 criminal history points are
11 necessary for placement in criminal history category VI.
12 So at the age of 29, which is relatively young, Mr.
13 Pryor - irrespective of the ten points at issue - has
14 still had an extensive criminal history.
15              After considering all of these factors, the
16 Court intends to sentence Mr. Pryor to a term of 36
17 months of imprisonment, followed by a three-year term of
18 supervised release.  The Court believes that such a
19 sentence is sufficient, but not greater than necessary,
20 to reflect the seriousness of the offense, to promote
21 respect for the law, and provide just punishment for the
22 offense.  Further, the sentence should afford adequate
23 deterrence to criminal conduct and protect the public
24 from further crimes of the defendant.
25              In light of Mr. Pryor's inability to pay a

1  fine, the Court intends to waive the fine amount.  A
2  $100 special assessment is required pursuant to
3  18 U.S.C. Section 3013.  The Court also intends to order
4  that preliminary order of forfeiture become final as to
5  this defendant.
6             The Court intends to impose the mandatory
7  and special conditions of supervision set forth in Part
8  D of the presentence report.  The mandatory conditions
9  for drug testing and DNA collection are imposed pursuant
10 to 18 U.S.C. Section 3583(d).  A substance abuse
11 treatment condition is deemed warranted in light of the
12 defendant's personal background.  And a cognitive
13 behavioral program condition is deemed warranted to
14 assist Mr. Pryor with the development of pro-social
15 thinking and behavior.
16            A special condition allowing for searches
17 based upon reasonable suspicion is deemed warranted
18 based on the nature of the instant offense, as well as
19 Mr. Pryor's criminal history.
20            Mr. Pryor remains in custody and is not
21 deemed a suitable candidate for voluntary surrender.
22            Are there objections by the government to
23 the sentence as tentatively announced?
24            MS. MOREHEAD:  No, Your Honor.  I believe
25 those are appropriate findings and we would concur.

1                THE COURT:  Are there objections by the
2     defendant to the sentence as tentatively announced?
3                MS. RAMSEY:  Your Honor, we would just ask
4     that the Court take into consideration the fact that Mr.
5     Pryor since he has been at CCA has tried to participate
6     in things that would make himself better.  As the Court
7     noted, that you did receive a certificate for the
8     12-step support group system.  Unfortunately, he has
9     also completed the acceptance of responsibility course
10    and we weren't able to get a copy of that certificate
11    from CCA to give to the Court before coming here.
12               We understand at his age that there's been
13    multiple arrests, but we do believe that the time he
14    spent at CCA-- and he was in custody on some other state
15    warrants which, unfortunately for Mr. Pryor, the
16    contacts he has had with arrests, he often has been
17    caught up in this system where he's in custody when
18    another court date is going on.  And so prior to coming
19    into CCA, he was even in custody I believe for
20    approximately 18 to 20 months.  So he's had time to
21    think about this, a lot of time to think about this,
22    getting to the federal system.
23               And so we would just ask that you consider
24    those things in imposing the final sentence.  I do
25    believe Mr. Pryor would like to make a statement to the

1  Court as well.
2           THE COURT:  All right.  Mr. Pryor.
3           THE DEFENDANT:  Your Honor, I'm in front of
4  you today to be sentenced on possession of a firearm.  I
5  take full responsibility for my actions and I am ready
6  to deal with whatever consequence that may be imposed
7  for my wrongdoing, for I was definitely in the wrong and
8  should have not ever been around a firearm at all.
9           I cannot change the past.  I can only get
10 myself together for a brighter future.  I have started a
11 better future for myself while I have been incarcerated
12 for the past 28 months.  I have been taking full
13 advantage of my sobriety and attending any and all drug
14 and alcohol classes available to me.
15          Since I have been at CCA, I have completed
16 several classes and programs.  I completed "Accepting
17 Responsibility in a Finger-Pointing World."  I also have
18 completed a 12-step program which I still attend every
19 week.  I also have attended all education classes, also
20 have been a part of the work program for eight months.
21          I really have been taking this time to do
22 anything to get myself on track and keep a positive
23 attitude.  I have had a while to look at what has led me
24 to this point in my life.  I have hit several bumps in
25 my past due to my drug use and I am ready to do this for

1   myself.  I want to continue drug and alcohol treatment
2   while incarcerated and keep going-- keep it going when I
3   get back to the streets.
4              I would like to ask you to please recommend
5   placement at El Reno, Oklahoma, so I can get close to my
6   kids and other family.  I really want-- I really want to
7   get my relationship back where it was with my kids.  It
8   has been real rocky due to my actions.  I also want to
9   say I have a great family that wants nothing but the
10  best for me, and they are supporting me through all this
11  and will continue when I get home.
12             When I get out, I would like to give back to
13  the community and try to start an outreach program for
14  troubled teens headed down the same path I once was on.
15  Your Honor, I would just like to ask you to consider all
16  these things that I have done while incarcerated at this
17  time.
18             THE COURT:  All right.  Thank you, Mr.
19  Pryor.
20             Well, I can't say that this happens very
21  often, but I-- I'm going to give you a little bit of
22  time off to-- to honor that you have done all this work
23  at CCA; that you're telling me - and I believe you -
24  that you intend to continue with the work; that you are
25  figuring out what your priorities are in life and family

1  first; and that you're committed to maintaining your
2  sobriety.
3          And if you've gone through the 12-step
4  program, I'm sure you understand that that's a lifelong
5  commitment and a difficult commitment but the most
6  rewarding commitment.  Because until you're sober, how
7  can you make your family your priority?  Drugs and
8  alcohol always are the priority when someone is not
9  sober.
10          So I'm going to give you some time off.  I
11 want to recognize-- and it won't be much.  But I mean,
12 it's-- every month matters.  I do want to recognize that
13 you've made these steps because a lot of people in your
14 shoes don't.  And a lot of people-- or at least some
15 people, even with the benefit of sobriety forced upon
16 them being incarcerated, still-- still aren't in a
17 position to write a letter like that, to form the
18 thoughts that you formed in writing that letter, to take
19 these classes and to be successful.
20          So these are all very positive signs and
21 meaningful to me.  And it sounds like they're meaningful
22 to you, which is the more important thing.
23          So the Court determines that the presentence
24 investigation report as corrected or modified by the
25 Court and the previously-stated findings are accurate

1  and orders those findings incorporated in the following
2  sentence:
3              Pursuant to the Sentencing Reform Act of
4  1984, it is the judgment of the Court that the
5  defendant, Christopher A. Pryor, is hereby committed to
6  the custody of the Bureau of Prisons to be imprisoned
7  for a term of 34 months.  The Court will recommend
8  designation to El Reno, Oklahoma, so that Mr. Pryor can
9  be close to his children and family members.
10             Upon release from confinement, Mr. Pryor
11 shall be placed on supervised release for a term of
12 three years.  Within 72 hours of release from the
13 custody of the Bureau of Prisons, Mr. Pryor shall report
14 in person to the probation office in the district in
15 which he is released.
16             While on supervised release, Mr. Pryor shall
17 not commit another federal, state, or local crime, shall
18 comply with the standard conditions that have been
19 adopted by this Court, as well as the mandatory and
20 special conditions of supervision previously stated by
21 the Court.
22             Mr. Pryor is ordered to pay to the United
23 States a special assessment of $100 through the Clerk of
24 the U.S. District Court.  Payments on the assessment are
25 to begin immediately and may be paid while in the Bureau

1  of Prisons custody.  The Court waives a fine in this
2  case based on Mr. Pryor's inability to pay.
3              Pursuant to Rule 32.2(b)(3) of the Federal
4  Rules of Criminal Procedure, the Court orders that the
5  preliminary order of forfeiture is now final as to this
6  defendant.
7              Mr. Pryor is advised that it is your right
8  to appeal the conviction and sentence, but only to the
9  extent you have not waived that right in the plea
10 agreement.  You also can lose your right to appeal if
11 you do not timely file a notice of appeal in the
12 district court.
13             Rule 4(b) of the Federal Rules of Appellate
14 Procedure gives you 14 days after the entry of judgment
15 to file a notice of appeal.  If you request, the Clerk
16 of the Court shall immediately prepare and file a notice
17 of appeal on your behalf.  And if you are unable to pay
18 the cost of an appeal, you have the right to apply for
19 leave to appeal in forma pauperis.
20             All right.  I show that Count 2 of the
21 indictment is subject to dismissal, Ms. Morehead?
22             MS. MOREHEAD:  Yes, Your Honor.
23             THE COURT:  That motion is granted.  I'll
24 remand Mr. Pryor to the custody of the marshals service
25 pending designation by the Bureau of Prisons.

1              And I wish you continued success, Mr. Pryor.
2    You're on the right track and keep doing what you've
3    been doing.  You're doing a great job.
4              THE DEFENDANT:  Thank you.
5              MS. RAMSEY:  Thank you, Your Honor.
6              THE COURT:  All right.  We'll be in recess.
7              (2:26 p.m., proceedings recessed).

Kelli Stewart, CSR, RPR, CRR, RMR

C E R T I F I C A T E

I, Kelli Stewart, a Certified Shorthand Reporter and the regularly appointed, qualified and acting official reporter of the United States District Court for the District of Kansas, do hereby certify that as such official reporter, I was present at and reported in machine shorthand the above and foregoing proceedings.

I further certify that the foregoing transcript, consisting of 19 pages, is a full, true, and correct reproduction of my shorthand notes as reflected by this transcript.

SIGNED April 20, 2017.


/s/ Kelli Stewart
Kelli Stewart, CSR, RPR, CCR, RMR