Prob 12C (12/04)
(D/KS 05/18)

PACTS# 1229981

## United States District Court
### for the
### District of Kansas

### Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Christopher A. Pryor**          Case Number: **1083 2:15CR20014-001**

Sentencing Judicial Officer:  Honorable Julie A. Robinson, Chief U.S. District Judge

Date of Original Sentence:  03/20/2017

Original Offense:  Felon In Possession Of A Firearm (a Class C Felony) 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2).

Original Sentence:  34 Months Prison, 36 Months Supervised Release

Type of Supervision: TSR                               Date Supervision Commenced: 05/31/2018
Asst. U.S. Attorney: Terra Morehead          Defense Attorney: Chekasha Ramsey

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1 | **Mandatory Condition #2:**  You must not unlawfully possess a controlled substance.<br><br>The defendant possessed Marijuana in Wyandotte and Franklin County, Kansas, a misdemeanor punishable by a term of imprisonment up to one year, as evidenced by the positive drug tests submitted for this substance on 06/13/18, 07/21/18 and 09/07/18, in violation of K.S.A. 21-5701 and 21-5706. |
| 2 | **Mandatory Condition #3:**  You must refrain from any unlawful use of a controlled substance.<br><br>On 06/13/18, 07/21/18 and 09/07/18, the defendant submitted a urine sample which subsequently screened positive for marijuana. The defendant admitted to using marijuana for his positives on 06/13/18 and 07/21/18 and signed an Admission of Usage form. He did not admit to usage for the positive on 09/07/18, but the sample was confirmed positive. |

*For the purposes of applying the provisions of 18 U.S.C. §§ 3565(b)(4) or 3583(g)(4) (mandatory revocation for submitting more than three (3) positive drug tests in a 12 month period),* **the defendant has submitted 3 positive qualifying sample(s)**. *If the Court finds that the positive drug test(s) constitutes possession of a controlled substance the Court is required to revoke supervision and impose a sentence that includes a term of imprisonment. 18 U.S.C. §§ 3565(b), 3583(g).  The Court shall also consider whether the availability of appropriate substance abuse programs, or the offender's current or past participation in such programs, warrants an exception from the requirement of mandatory revocation and imprisonment under 18 U.S.C. §§ 3565(b), 3583(g).  18 U.S.C. §§ 3563(a), 3583(d).  U.S. v Hammonds, 370 F.3d 1032 (10th Cir. 2004).*

3   **Special Condition: You must reside in a residential reentry center for a term of up to 120 days, in the community corrections component, and allowing for work release.  You must comply with the policies and procedures of the residential reentry center.**

Mr. Pryor was directed to report to the RRC on 11/30/18 due to multiple violations of his supervision. He reported that he was having difficulty finding transportation to Leavenworth, KS, and has not returned this USPO's phone calls or texts since 11/30/18.

4   **Mandatory Condition #1: You must not commit another federal, state or local crime.**

On 11/02/2018, Mr. Pryor was arrested by the Topeka Police Department, report # 2018-110499, for misdemeanor theft, criminal trespass, battery against LEO, and interference with law enforcement. This case is still pending. Mr. Pryor was not honest with this probation officer when questioned about his police contact as he initially reported he had been arrested on an outstanding warrant.

5   **Standard Condition # 7: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full time employment you must try to find full time employment, unless the probation officer excuses you from doing so. If you plan to change where you work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**

Mr. Pryor has not provided proof of employment since the start of supervision, although he has claimed to be employed through a temporary agency and Burger King.

Prob  12C                                                                    -3-
*Name of Offender:  Christopher A. Pryor*                       *Case Number:  1083 2:15CR20014-001*

**This petition has been amended to include the following violations:**

| | |
|---|---|
| 6 | **Mandatory Condition #2:   You must not unlawfully possess a controlled substance.** |

The defendant possessed methamphetamine in Franklin County, Kansas, a felony punishable by a term of imprisonment exceeding one year, as evidenced by the positive drug tests submitted for this substance on 07/26/2020, in violation of K.S.A. 21-5701 and 21-5706.

| | |
|---|---|
| 7 | **Mandatory Condition #3:  You must refrain from any unlawful use of a controlled substance.** |

On 07/26/2020, the defendant submitted a urine sample which subsequently screened positive for methamphetamine. The defendant denied use, but the sample was confirmed positive by the national lab.

On 07/26/2020, the defendant did admit to using the substance K2 and drinking alcohol regularly.

| | |
|---|---|
| 8 | **Standard Condition # 7: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full time employment you must try to find full time employment, unless the probation officer excuses you from doing so. If you plan to change where you work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.** |

In June of 2020, the defendant submitted paycheck stubs showing verification of employment for May of 2020. The defendant has not provided employment verification since.

| | |
|---|---|
| 9 | **Standard Condition # 2: The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.** |

On 3/24/2020, 05/29/2020, 06/07/2020, 06/08/2020, and 07/01/2020, the defendant failed to be home for scheduled home contacts with this probation officer.

Prob 12C                                          -4-
*Name of Offender: Christopher A. Pryor*                  *Case Number: 1083 2:15CR20014-001*

U.S. Probation Officer Recommendation:

The term of supervision should be:

☒ Revoked
☐ Extended for  years, for a total term of  years.

☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.
Executed on: 08/17/2020

by  *Katie Busenbark* (signature)

Approved:

Katie Busenbark
U.S. Probation Officer

*Melissa L. Goldsmith* (signature)

Melissa L. Goldsmith, SUSPO

*Please indicate the Court response below and return to the U.S. Probation Officer*

☐ No Action
☒ The Issuance of a Warrant.  Petition and warrant sealed and not to be distributed to counsel of record.  Unsealed upon arrest.
☐ The Issuance of a Summons
☐ Other:

s/Julie A. Robinson
Signature of Judicial Officer

8/17/2020
Date